IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY TAYLOR,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-1152 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| **JOSEPH SMITH,** | : | |
| | : | |
| Respondent. | : | |

## M E M O R A N D U M

**I.     Introduction.**

Petitioner, Gregory Taylor, a federal prisoner confined at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus (Doc. 1) filed pursuant to the provisions of 28 U.S.C. §2241. Petitioner has also filed a motion to proceed *in forma pauperis* (Doc. 2). Named as Respondent is USP-Lewisburg Warden Joseph V. Smith. Subsequently, Petitioner filed an amended petition (Doc. 4) on June 16, 2005, requesting the Court to construe his petition as filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner is challenging the validity of his conviction and sentence imposed by the District of Columbia Superior Court in 1989. Although the petition has been fully briefed by the parties, Petitioner has filed a request for leave (Doc. 10) to supplement his traverse, arguing that Respondent is deemed to have admitted the allegations in the petition. For the following reasons, Petitioner's motion to supplement and his petition will be denied.

**II.**         **Background.**

The facts are not in dispute.  On January 31, 1989, Petitioner was convicted by a jury in the District of Columbia Superior Court, for the offenses of armed robbery, assault with intent to commit robbery while armed, burglary in the second degree, and assault with a dangerous weapon.  He was sentenced on March 16, 1989.  By memorandum opinion and judgment dated November 7, 1990, the District of Columbia Court of Appeals affirmed the conviction.

Thereafter, Petitioner filed five (5) motions to correct his sentence, which were denied on July 17, 1991, October 6, 1997, May 26, 1998, January 20, 2000, and July 11, 2000 respectively.  Moreover, Petitioner has filed at least five (5) motions for habeas relief pursuant to District of Columbia Code ("DC Code") § 23-110.   These motions were denied as successive, and the two most recent denials were affirmed by the District of Columbia Court of Appeals on November 7, 2003.

On December 12, 2003, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 in the United States District Court for the District of Columbia, reiterating the issues previously raised under DC Code § 23-110 habeas petitions, as well as a double jeopardy claim pursuant to the holding in *Blockburger v. U.S.*, 52 S.Ct. 180 (1932).  On December 18, 2003, the § 2255 petition was dismissed by the District of Columbia District Court.

On May 14, 2004, Petitioner filed a further motion pursuant to the provisions of DC Code § 23-110, which was denied on June 8, 2004.  On June 21, 2004, Petitioner filed a motion for reconsideration, which was denied on July 7, 2004.  Petitioner appealed the

2

decision to the District of Columbia Court of Appeals, and that Court denied the appeal. Petitioner then filed a motion for rehearing, or rehearing *en banc*, on September 28, 2004, and the motion was denied on December 7, 2004.  Petitioner filed a petition for writ of certiorari on January 18, 2005, and the petition was denied on February 28 2005.  The instant petition ensued.

**III.**    **Discussion.**

Petitioner has been convicted of various crimes under the DC Code.  In the instant petition, Petitioner claims that his conviction violated the Double Jeopardy Clause of the United States Constitution, pursuant to the holding in *Blockburger*.  The procedure to challenge a conviction or sentence of the District of Columbia Superior Court is set forth in the DC Code.  Under DC Code 23-110(g)

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the . . . Superior Court has denied him relief . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner has sought relief several times pursuant to § 23-110, in which he raised the same issue set forth in this petition.  In his petition for writ of habeas corpus filed in the United States District Court for the District of Columbia, Petitioner confirmed that the "D. C. Superior Court's adjudication of petitioner's double jeopardy claim, contradicted the [holding] . . . in *Blockburger v. U.S.*, 52 S.Ct. 180 (1932)."  Petitioner had been denied relief in his multiple § 23-110 motions, prompting him to seek relief in this Court.  However, § 23-

3

110 is clear in its requirement that the Petitioner demonstrate the remedy is inadequate or ineffective. Petitioner has had at least one review of his double jeopardy claim by the District of Columbia Superior Court, and he has been denied relief. The § 23-110 remedy is not rendered inadequate or ineffective merely because relief has been denied. *Wilson v. Office of the Chairperson*, 892 F.Supp. 277, 280 (D.D.C. 1995). At best, Petitioner can only demonstrate an inability to successfully utilize the § 23-110 remedy. Since § 23-110 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the petition will be denied. An appropriate Order follows.

Dated: July 29, 2005   /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GREGORY TAYLOR,** :
:
    **Petitioner,** : **CIVIL NO. 3:CV-05-1152**
:
    **v.** : **(JUDGE CAPUTO)**
:
**JOSEPH SMITH,** :
:
    **Respondent.** :

## **O R D E R**

**AND NOW, THIS 29th DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to close this case.

3. There is no basis for issuance of a certificate of appealability.


    /s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge