IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY TAYLOR,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-1152 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| **JOSEPH SMITH,** | : | |
| | : | |
| Respondent. | : | |

## **M E M O R A N D U M**

Petitioner, Gregory Taylor, a federal prisoner confined at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus (Doc. 1) filed pursuant to the provisions of 28 U.S.C. §2241. Named as Respondent is USP-Lewisburg Warden Joseph V. Smith. Subsequently, Petitioner filed an amended petition (Doc. 4) on June 16, 2005, requesting the Court to construe his petition as filed pursuant to the provisions of 28 U.S.C. § 2254. Petitioner is challenging the validity of his conviction and sentence imposed by the District of Columbia Superior Court in 1989. By Memorandum and Order dated July 29, 2005 (Doc. 12), the habeas petition was denied. Pending before the Court is Petitioner's motion for reconsideration (Doc. 15) of the Order denying habeas relief. For the reasons that follow, Petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have

affected the court's decision.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).  It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner simply reiterates his prior arguments for relief set forth in the habeas petition, and Petitioner does not set forth new evidence, a change of law, or a manifest error of law to justify reconsideration.  Accordingly, this Court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration, and, therefore, Petitioner's motion (Doc. 15) will be denied.  An appropriate Order follows.


Dated: September 6, 2005             /s/ A. Richard Caputo
                                     A. RICHARD CAPUTO
                                     United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY TAYLOR,** : | |
| : | |
| Petitioner, : | **CIVIL NO. 3:CV-05-1152** |
| : | |
| v. : | **(JUDGE CAPUTO)** |
| : | |
| **JOSEPH SMITH,** : | |
| : | |
| Respondent. : | |

## O R D E R

**AND NOW, THIS 6th DAY OF SEPTEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 15) is **DENIED**.

                                                       /s/ A. Richard Caputo
                                                      A. RICHARD CAPUTO
                                                      United States District Judge